In re RUSH HAMPTON INDUSTRIES, INC., Debtor.

No. 6:84–bk–01169–ABB.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

March 8, 2007.

Thomas M. Baumer, Baumer, Bradford & Waters, P.A., Jacksonville, FL, for Debtor.

## ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on various Motions and Amended Motions filed by Omega Consulting, Inc. ("Omega"), as the Assignee of Rush Hampton Industries, the Debtor herein ("Debtor"), seeking turnover of unclaimed funds totaling $36,624.54. The Motions and Amended Motions include Doc. Nos. 618, 620, 623, 624, 626, 627, and 631 (collectively, the "Motions"). Various Orders were entered denying the Motions based upon incorrect claim amounts, incorrect claim totals, and procedural deficiencies. The Orders include Doc. Nos. 619, 621, 622, 628, 629, and 630. An Order for Payment of Unclaimed Funds was entered on November 17, 2006 (Doc. No. 632) ("November 17, 2006 Order") granting Omega's request for unclaimed funds of $36,624.54 and directing the Clerk of Court to pay such sum to Omega. The funds have not been released from the registry of the Court and the November 17, 2006 Order is being reconsidered.

A hearing on Omega's Motions was duly-noticed for February 27, 2007. Omega sent a letter to the Court dated February 26, 2007, which the Court received by facsimile on February 25, 2007.[1] The letter states, in part: "With these things in mind, please be advised that I am quite comfortable with whatever decision that the Court renders." The hearing was conducted on February 27, 2007 and no persons or parties appeared.

The Debtor filed the above-captioned bankruptcy case on December 31, 1984. The case was converted from Chapter 11 to Chapter 7 on February 6, 1986. Andrea Ruff was appointed the Chapter 7 Trustee ("Trustee"). She, in accordance with her statutory duties of 11 U.S.C. Section 704, recovered estate assets, administered the assets, and made final distribution to the creditors holding allowed claims pursuant to 11 U.S.C. Section 726. Certain distribution checks were not negotiated within ninety days of the final distribution and the unclaimed funds were paid into the Court's registry pursuant to 11 U.S.C. Section 347. The case was closed on August 11, 2000.

■ Omega began filing its Motions in July 2006 contending it, as the Assignee of the Debtor, is entitled to the unclaimed funds of $36,624.54 held in the Court's registry. The Motions were signed and filed by Eric Dangerfield as President of Omega with an address of 7706 Pinebrook Drive, San Antonio, Texas 78230.[2] The amount of $36,624.54 sought by Omega is comprised of unclaimed. funds relating to distributions made by the Trustee to approximately 244 claimholders.

■ The funds paid into the registry of the Court result from unclaimed distribution checks and not a distribution surplus. The funds constitute property of the estate to be disposed of in accordance with Chapter 129 of title 28. 11 U.S.C. § 347(a), Federal Rule of Bankruptcy Procedure 3001.[3] Sections 2041 and 2042, contained in Chapter 129 of title 28, direct that unclaimed funds may only be disbursed to the "rightful owners" upon "full proof of the right thereto." Only the creditor to whom distribution was to be made is the rightful owner of the unclaimed funds:

> A creditor to whom a distribution in a bankruptcy case is payable retains a property interest in such funds ... Under statutory requirements and due process principles, the Court has the duty to protect the original claimant's property interest by making sure that unclaimed funds are disbursed to their true owner ... The 'rightful owner' of unclaimed funds paid into the Court under § 347(a) is the holder of the proof of

---

1. The letter was docketed as Doc. No. 641.

2. The general rule in the Eleventh Circuit is that a corporation or other entity may not appear in a federal court other than through a licensed attorney at law. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir.1985). Local Rule 1074–1 provides: "Corporations, partnerships, trusts, and other non-individual parties may appear and be heard only through counsel permitted to practice in the Court pursuant to Local Rule 2090–1." Omega is not represented by counsel and has appeared in violation of Local Rule 1074–1.

3. "Ninety days after the final distribution under section 726, 1226, or 1326 of this title in a case under chapter 7, 12, or 13 of this title, as the case may be, the trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28." 11 U.S.C. § 347(a) (*emphasis added*). In contrast, unclaimed property in chapter 9, 11, or 12 cases, becomes property of the debtor or of the entity acquiring the assets of the debtor under the plan pursuant to 11 U.S.C. § 347(b).

claim on account of which the trustee made the distribution.

*In re App. Unclaimed Funds in Exhibit "A"*, 341 B.R. 65, 69 (Bankr.N.D.Ga.2005); *see also Leider v. U.S.*, 301 F.3d 1290, 1296 (Fed.Cir.2002) (explaining "an unlocated creditor has a property right in his or her distributive share of the funds of a bankruptcy estate.").

Neither the Debtor, nor any assignee of the Debtor, is entitled to the unclaimed funds held in the registry of the Court relating to this case. The rightful owners of those funds are the holders of the proofs of claim on account of which the Trustee made the distribution. Omega's Motions are due to be denied.

Omega represented it had authority to seek recovery of the unclaimed funds when it did not have such authority. The November 17, 2006 Order was entered in error. The Court has authority to remedy such error pursuant to Federal Rule of Civil Procedure 60(a). The November 17, 2006 Order is due to be vacated.

Accordingly, it is

**ORDERED, ADJUDGED and DE-CREED** that the Order for Payment of Unclaimed Funds entered on November 17, 2006 (Doc. No. 632) is hereby **VACATED;** and it is further

**ORDERED, ADJUDGED and DE-CREED** that all of Omega's Motions seeking recovery of the funds held in the registry of the Court relating to this case, including Doc. Nos. 618, 620, 623, 624, 626, 627, 631, are hereby **DENIED.**